CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 01 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALIREZA ALAMJAMILI, | ) |
| | ) Civil Action No. 7:09-CV-00213 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| BERGLUND CHEVROLET, INC., | ) United States District Judge |
| | ) |
| Defendant. | |

Alireza Alamjamili filed this civil action against Berglund Chevrolet, Inc. ("Berglund Chevrolet") on May 29, 2009. The case is presently before the court on the plaintiff's motion to vacate the court's order of October 5, 2009 and the defendant's amended motion for extension of time to file its answer. For the following reasons, both motions will be granted.

## I. Background

Alamjamili filed his complaint against Berglund Chevrolet on May 29, 2009. The defendant's answer was due Friday, October 2, 2009. On Monday, October 5, 2009, the defendant filed two motions: a motion to admit attorney Carolyn Williamson pro hac vice and a motion for extension of time to file its answer. Williamson, who had represented the defendant through the EEOC administrative process, was responsible for drafting the defendant's answer and forwarding it to local counsel for electronic filing.

In the defendant's first motion for extension of time to file its answer, the defendant stated that "Williamson's computer network was unexpectedly down on October 2, 2009 and she was unable [to] complete the answer and forward it to local counsel for electronic filing." (Mot. ¶ 6.) The motion also stated that Williamson contacted the plaintiff's attorney, Terry Grimes, to advise him

of the situation. (Mot. ¶ 7.)

On October 5, 2009, the court granted the defendant's first motion for extension of time to file, and the defendant filed its answer that same day. On October 7, 2009, however, the defendant filed an amended motion for extension of time to file. This amended motion was the same as the first in all respects except that it indicated that Williamson contacted Grimes "[o]n October 5, 2009 at approximately 11:00 a.m." (Amended Mot. ¶ 7.) This language was included to clarify when Williamson contacted Grimes.

On October 21, 2009, the plaintiff filed a motion and supporting brief to vacate the court's order and in opposition to the defendant's motions to enlarge the time to file. On October 26, 2009, the defendant filed a brief in opposition. Both parties submitted to the court affidavits by their respective counsel. According to Grimes' affidavit, Williamson contacted him and indicated that there had been a problem with her computer. Grimes states that, when asked whether his client would object to the untimely filing of responsive pleadings, he informed Williamson that he would check with his client. According to Williamson's affidavit, a new internet service was installed in her office and it unexpectedly caused her computer network to fail. Because the problem was not corrected until late on October 2, 2009, Williamson states she was unable to complete the answer and forward it to local counsel for electronic filing.

The parties do not request a hearing and have submitted this matter to the court on the pleadings. The court will now consider the issues presented.

## II. Discussion

On October 5, 2009, the court entered an order granting the defendant's first motion for an extension of time to file its answer. This order was entered in the mistaken belief that the parties had agreed to a late filing, and inasmuch as it was based on this mistaken belief, that order is now

vacated. The question now before the court is whether the defendant has shown "excusable neglect" in its failure to timely file its answer. Fed. R. Civ. P. 6(b).

Rule 6(b) of the Federal Rules of Civil Procedure states that the court may extend the time to file "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993).

The court concludes that, taking into account all the relevant circumstances, the defendant has shown excusable neglect for its failure to file a timely response to the complaint. The defendant's attorney, Williamson, stated that she was unable to forward the defendant's answer to local counsel for electronic filing on Friday, October 2, 2009 due to the fact that a newly installed internet service unexpectedly caused her computer network to fail. On Monday, October 5, 2009, three days after the defendant's responsive pleading was due, Williamson contacted opposing counsel, filed a motion to enlarge time, and filed the defendant's answer. Given the relatively short length of delay and the defendant's reason for the delay, the court holds that the defendant's failure to file its answer on October 2, 2009 was the result of excusable neglect. See Lovelace v. Lee, 472 F.3d 174, 203-04 (4th Cir. 2006) (finding no abuse of discretion where district court granted motion to enlarge time to file an answer, which was filed four days after answer was due because defendant and his counsel experienced "some difficulty establishing contact with each other"); see also Hollaway v. Principal Life Ins. Co., No. 07-406, slip op. at *1-2 (W.D. Okla. Sept. 4, 2009) (finding

that late filing should be excused when motion for attorney fees was filed two days after the deadline because of "internet difficulties"). The court will therefore grant the defendant's amended motion to enlarge the time to file its answer. The defendant's answer, filed October 5, 2009, is deemed timely filed.

## III. Conclusion

For the foregoing reasons, the plaintiff's motion to vacate will be granted and the court's order of October 5, 2009 will be vacated. The defendant's first motion to enlarge time to file will be denied. The defendant's amended motion to enlarge time to file will be granted and the defendant's answer filed on October 5, 2009 will be deemed timely filed.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

**ENTER:** This 1st day of December, 2009.

_____
United States District Judge